**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**DAVID JOHN YOUNG,**<br><br>**Defendant.** | **CASE NO.**<br><br>**VIOLATION:**<br>**18 U.S.C. § 1029(a)(5) (Illegal Transactions with an Access Device)**<br><br>**FORFEITURE: 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 1029(c)(1)(C); 21 U.S.C. § 853(p)** |

**INFORMATION**

The United States Attorney charges:

**COUNT ONE**
**(Illegal Transactions with an Access Device)**

On or about June 24, 2024, in the District of Columbia, defendant David John Young, knowingly and with intent to defraud, effected transactions with an access device issued to another person, that is account number ending in 0030 at the Victim Bank, to receive any thing of value, specifically a $210,000 credit from the general contracting company that was remodeling Young's Pennsylvania vacation home, and between 2013 and 2024, Young received more than $9 million of value by effecting transactions with Victim Bank access devices, said conduct affecting interstate commerce.

**(Illegal Transactions with an Access Device, in violation of 18 U.S.C. § 1029(a)(5))**

**FORFEITURE ALLEGATION**

1. Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of such violation, pursuant to 18 U.S.C. § 982(a)(2)(B), and any personal property used or intended to be used to commit the offense, pursuant to 18 U.S.C. § 1029(c)(1)(C). The United States will also seek a forfeiture money judgment against the

defendant equal to the value of any property that constitutes or was derived from proceeds obtained directly or indirectly from the offense, and equal to the value of any personal property used or intended to be used to commit the offense.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C), and Title 21, United States Code, Section 853(p))**

Respectfully submitted,

JEANINE F. PIRRO
UNITED STATES ATTORNEY

Date: November 13, 2026

By: ______________________
Kondi J. Kleinman, Cal. Bar No. 241277
Assistant United States Attorney
Fraud, Public Corruption & Civil Rights Section
601 D Street, N.W. | Washington, D.C. 20530
(202) 252-6887 | kondi.kleinman2@usdoj.gov